IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-110-SLP |
| ) | |
| DEONTAYE LONNITT FREDERICK, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are two motions. First, Defendant filed a pro se Motion to Modify Sentence [Doc. No. 82]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government filed a Response in Opposition [Doc. No. 89]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 85]. For the following reasons, this Motion is DISMISSED.

Second, Defendant filed a Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(l)(A)(i) [Doc. No. 83], to which the Government filed a Response in Opposition [Doc. No. 92]. For the following reasons, this Motion is DENIED.

**I.  Background**

On September 21, 2022, Defendant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* [Doc. Nos. 34–37]. On May 25, 2023, the United States Probation Office filed its Final Presentence

Investigation Report (PSR) [Doc. No. 49]. The PSR calculated a base offense level of 14. *Id.* ¶ 27. After applying all relevant adjustments, including a three-level decrease for acceptance of responsibility, the PSR calculated a total offense level of 19. *Id.* ¶¶ 39–41.

Based on Defendant's prior criminal convictions, the PSR calculated a total criminal history score of 20. *Id.* ¶ 63. Two additional points (status points) were added because Defendant committed the offense while under a criminal justice sentence. *Id.* ¶ 64. Thus, the PSR calculated a total criminal history score of 22, which established a criminal history category of VI. *Id.* ¶ 65. Combining Defendant's total offense level of 19 and criminal history category of VI, the PSR recommended a guideline imprisonment range of 63 to 78 months. *Id.* ¶ 102.

On July 24, 2023, the Court adopted the PSR with one change. It noted that because "defendant did not demonstrate acceptance of responsibility," his total offense level was 22. [Doc. No. 64] at 1. Based on a total offense level of 22 and a criminal history category of VI, the Court calculated a guideline range of 84 to 105 months' imprisonment. *Id.* The Court sentenced Defendant to 96 months' imprisonment. [Doc. No. 63].

On July 30, 2024, Defendant filed the two pending Motion. First, he seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. Second, he seeks compassionate release, pursuant 18 U.S.C. § 3582(c)(1)(A)(i).

II. **Governing Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v.*

2

*Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant's Motion implicates two sources of statutory authorization.

First, the Court may reduce the sentence of a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Second, a defendant may seek a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). District courts apply a three-step framework to § 3582(c)(1)(A) motions. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). A reduction is proper under that test if:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*Id*. If any of these three requirements are lacking, the Court may deny the motion without addressing the other steps. *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). But

3

to grant relief, the Court must be satisfied that all three requirements are met. *Id.*

## III. <u>Analysis</u>

### a. *Section 3582(c)(2)*

Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all eleven of the listed criteria.[1]

---

[1] Those eleven criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
    (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);
    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
    (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .
U.S.S.G. §4C1.1(a).

Part A of Amendment 821 reduces the assigned number of status points to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points). Application of the amendment here reduces Defendant's criminal history score from 22 to 21. But even with this reduction, Defendant's criminal history category remains a VI, and his guideline range remains unchanged. Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. §1B1.10(a)(2)(B). For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

b. ***Section 3582(c)(1)(A)***

As an initial matter, a prisoner seeking compassionate release must first present his request to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A). The prisoner bears the burden "to provide proof that he exhausted his administrative rights as is required under § 3582(c)(1)(A) . . . . before a court may consider a motion for compassionate release." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029–30 (10th Cir. 2021). Although Defendant checked a box on the form indicating he submitted his request to the BOP, *see* [Doc. No. 83] at 3, he has provided no documentation supporting that assertion. And the Government claims that BOP "has no record of an administrative request from [Defendant]." [Doc. No. 92] at 3. Thus, Defendant's Motion is subject to denial on exhaustion grounds.

Further, Defendant has not demonstrated the existence of extraordinary and

5

compelling reasons justifying compassionate release. In his form Motion, Defendant checked a box that reads: "The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children." [Doc. No. 83] at 4. But Defendant does not elaborate on this claim or provide any supporting evidence. Accordingly, he has not met his burden to show that compassionate release is warranted. *Cf. United States v. Crespin*, No. 23-2111, 2024 WL 3084972, at *5 (10th Cir. June 21, 2024) (affirming denial of compassionate release motion because defendant did not meet his burden by "briefly not[ing] that the record shows that his minor grandson needs care" but "cit[ing] no record evidence making this showing").

### IV.  Conclusion

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Modify Sentence [Doc. No. 82] is DISMISSED.

IT IS FURTHER ORDERED that Defendant's pro se Motion for Compassionate Release Under 18 U.S.C. §3582(c)(l)(A)(i) [Doc. No. 83] is DENIED.

IT IS SO ORDERED this 28th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE